UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cr-00104-KDB-DSC

| | |
|---|---|
| MATTHEW ZACHARY COLEMAN, ) ) Petitioner, ) ) vs. ) ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial screening of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [Doc. 49].

The Court has conducted an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C.A. foll. § 2255, and finds that the petition may be untimely.

On March 24, 2021, Petitioner pleaded guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). [Docs. 1, 18, 22]. Petitioner was sentenced to a term of imprisonment of 210 months on the first count and a concurrent term of 120 months on the firearm charge. [Doc. 31]. Judgment on Petitioner's conviction was entered on July 27, 2021. [Id.]. On April 20, 2023, Petitioner's conviction was affirmed on appeal. United States v. Coleman, No. 21-4389, 2023 WL 3018421 (4th Cir. Apr. 20, 2023). Petitioner did not petition the Supreme Court for writ of certiorari. As such, for purposes of 28 U.S.C. § 2255(f), Petitioner's sentence became final on July 19, 2023, when his deadline to do so expired. See U.S. Sup. Ct. Rule 13(1); United States v. Clay, 537 U.S. 522, 524-25 (2003)

(when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires).

On August 19, 2024, the Clerk of this Court received Petitioner's petition in the mail and docketed it the next day. [Doc. 49-2; see 8/19/2024 Docket Entry]. Petitioner signed his petition and attested that he placed it in the prison mailing system on July 8, 2024. [Doc. 49-1 at 18; Doc. 49 at 13]. Plaintiff included his own Affidavit with his petition, which he also dated July 8, 2024. [See Doc. 49-1 at 6]. The Court, however, did not receive the petition until five weeks later. Moreover, a stamp on the back of the envelope used to transmit the petition indicates it was processed by Petitioner's facility on August 13, 2024, and the envelope is postmarked the same day. [See Doc. 49-2 (envelope)].

If Petitioner did, in fact, place his petition in the prison mailing system on July 8, 2024, it is timely. If, however, Petition placed his petition in the prison mailing system after July 18, 2024, it is untimely. Given the significant difference between the date Petitioner claims to have deposited his petition for mailing and the date it was received by the Court, the Court will order the parties to obtain, prepare, and/or submit information and testimony to allow the Court to determine whether Petitioner's petition was timely.

The Court, therefore, requires the Government to obtain and submit documents, logs, affidavits, or other records demonstrating when Petitioner delivered his petition to prison authorities and when the petition was mailed by prison authorities to this Court and/or any other information that may assist the Court in determining the timeliness of Petitioner's petition.

**The Court requires the Petitioner to submit an affidavit addressing the circumstances and timing of his submission of his petition in detail**. Petitioner should include any specific information of which he is aware that may have caused or otherwise explains the delay in the

transmission and/or receipt of his petition. Petitioner is advised that an affidavit is a written statement under oath; that is, a statement prepared in writing and sworn to before a notary public. In the alternative, an unsworn statement, made and signed under penalty of perjury, may also be submitted.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that the parties shall file these affidavits and other records within 21 days of this Order in accordance with the terms of this Order. Failure of Petitioner to respond in accordance with this Order will result in the Court determining that Petitioner did not timely file his petition in this matter.

The Clerk is respectfully instructed to send an NEF of this filing to the Government's 2255 section.

**IT IS SO ORDERED**.

Signed: August 20, 2024

Kenneth D. Bell
United States District Judge