UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cr-00104-KDB-DSC

| | |
|---|---|
| MATTHEW ZACHARY COLEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 49] and the Court's review of the docket in this matter.

**I.   BACKGROUND**

Petitioner Matthew Zachary Coleman is a federal prisoner currently incarcerated at United States Penitentiary Lee (USP-Lee) in Pennington Gap, Virginia. On March 24, 2021, Petitioner pleaded guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). [Docs. 1, 18, 22]. Petitioner was sentenced to a term of imprisonment of 210 months on the first count and a concurrent term of 120 months on the firearm charge. [Doc. 31]. Judgment on Petitioner's conviction was entered on July 27, 2021. [Id.]. On April 20, 2023, Petitioner's conviction was affirmed on appeal. United States v. Coleman, No. 21-4389, 2023 WL 3018421 (4th Cir. Apr. 20, 2023). Petitioner did not petition the Supreme Court for writ of certiorari. As such, for purposes of 28 U.S.C. § 2255(f), Petitioner's sentence became final on July 19, 2023, when his deadline to do so expired. See U.S. Sup. Ct. Rule 13(1); United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his

conviction becomes final when the opportunity to appeal expires).

On August 19, 2024, the Clerk of this Court received Petitioner's petition in the mail and docketed it the next day. [Doc. 49-2; see 8/19/2024 Docket Entry]. Petitioner signed his petition and attested that he placed it in the prison mailing system on July 8, 2024. [Doc. 49-1 at 18; Doc. 49 at 13]. Plaintiff included his own Affidavit with his petition, which he also dated July 8, 2024. [See Doc. 49-1 at 6]. The Court, however, did not receive the petition until five weeks later. Moreover, a stamp on the back of the envelope used to transmit the petition indicates it was processed by Petitioner's facility on August 13, 2024, and the envelope is postmarked the same day. [See Doc. 49-2 (envelope)].

On initial screening of Petitioner's petition, the Court noted that if Petitioner did, in fact, place his petition in the prison mailing system on July 8, 2024, it was timely. If, however, Petitioner placed his petition in the prison mailing system after July 18, 2024, it was untimely. Given the significant difference between the date Petitioner claims to have deposited his petition for mailing and the date it was received by the Court, the Court ordered the parties to obtain, prepare, and/or submit information and testimony to allow the Court to determine whether Petitioner's petition was timely. [Doc. 52 at 2-3]. In this regard, the Court required the Government within 21 days to obtain and submit documents, logs, affidavits, or other records demonstrating when Petitioner delivered his petition to prison authorities and when the petition was mailed by prison authorities to this Court and/or any other information to assist the Court in determining the timeliness of Petitioner's petition. [Id.]. The Court ordered Petitioner to respond within 21 days as follows:

> **The Court requires the Petitioner to submit an affidavit addressing the circumstances and timing of his submission of his petition in detail**. Petitioner should include any specific information of which he is aware that may have caused or otherwise

2

> explains the delay in the transmission and/or receipt of his petition. Petitioner is advised that an affidavit is a written statement under oath; that is, a statement prepared in writing and sworn to before a notary public. In the alternative, an unsworn statement, made and signed under penalty of perjury, may also be submitted.

[Id. (emphasis in original)].

The Government timely responded to the Court's Order, submitting the Declaration of Alisha Hall, a Bureau of Prisons (BOP) Case Management Coordinator (CMC) at USP-Lee, and the BOP Correspondence Policy and Mail Management Manual. [Docs. 52, 52-1 to 52-3]. The Government's evidence bearing on the timeliness of Petitioner's petition shows as follows.

As CMC, Hall oversees the operations of the Correctional Systems department at USP-Lee, which includes the Records Office, Mail Room, and Receiving & Discharge. [Doc. 52-1 at ¶ 2: Hall Dec.]. Pursuant to BOP and USP-Lee standard procedures, inmates receive mail service Monday through Friday every week, excluding holidays. Institutional emergencies may temporarily impact mail service. Mail service resumes, however, on conclusion of the emergency. [Id. at ¶ 3]. "Special mail," which includes correspondence sent to the U.S. Courts, is so identified and subject to different handling procedures. [Id. at ¶ 4]. Inmates deliver their outgoing special mail directly to a staff member, typically a member of the unit team or correctional system staff. After confirming the inmate hand delivering the mail is the same inmate listed on the return address, the staff member hand carries the special mail to the mail room. [Id. at ¶ 5]. USP-Lee mailroom staff stamp outgoing special mail the same day they receive it from the inmate, and it is deposited with the United States Postal Service (USPS) for delivery the same day or the next day, depending on what time it is received. [Id. at ¶ 6]. USP-Lee does not maintain a log of outgoing special mail. [Id. at ¶ 7]. Hall is unaware of any emergencies or other circumstances between July 8, 2024, and August 13, 2024, that would have interfered with mail service at USP-Lee. [Id. at ¶

3

8]. Plaintiff has not responded to the Court's Order and the deadline to do so has expired.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on

4

collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's conviction became final for purposes of Section 2255(f) on July 19, 2023, when his deadline to petition for writ of certiorari expired. See U.S. Sup. Ct. Rule 13(1); Clay, 537 U.S. at 524-25. As such, Petitioner had one year, or until July 18, 2024, to file the instant petition. Although Petitioner signed his petition and attested to having placed it in the prison mailing system on July 8, 2024, it was not stamped and processed by USP-Lee until August 13, 2024. [See Docs. 49-2 and 52-1 at ¶ 6]. According to Hall's sworn testimony, inmates' special mail at USP-Lee, which would include Petitioner's pending petition, is stamped the day it is received in the mail room and deposited with the USPS for delivery the same day or the next day. [Doc. 52-1 at ¶ 6]. Petitioner has not submitted an Affidavit with the Court, as ordered, addressing the circumstances and timing of his submission of his petition or explaining what may have caused the substantial delay in the Court's receipt thereof. [See Doc. 51 at 2-3]. Because the uncontroverted evidence before the Court shows that Petitioner did not deliver his petition for mailing at USP-Lee until August 13, 2024, it is untimely under 28 U.S.C. § 2255(f). The Court will, therefore, dismiss Petitioner's motion to vacate as untimely.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is untimely and is denied and dismissed with prejudice.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S.

322, 336-38 (2003) (to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 49] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 24, 2024

Kenneth D. Bell
United States District Judge