UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cr-00104-KDB-DSC

| | |
|---|---|
| **MATTHEM ZACHARY COLEMAN,** | )<br>) |
| **Petitioner,** | )<br>) |
| vs. | )  **ORDER**<br>) |
| **UNITED STATES OF AMERICA,** | )<br>) |
| **Respondent.** | )<br>) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 49], the Court's Order dismissing Plaintiff's motion to vacate [Doc. 53], and Plaintiff's Response [Doc. 54] to the Court's Order requiring the parties to address timeliness [Doc. 51].

Petitioner Matthew Zachary Coleman is a federal prisoner currently incarcerated at United States Penitentiary Lee (USP-Lee) in Pennington Gap, Virginia. On March 24, 2021, Petitioner pleaded guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). [Docs. 1, 18, 22]. Petitioner was sentenced to a term of imprisonment of 210 months on the first count and a concurrent term of 120 months on the firearm charge. [Doc. 31]. Judgment on Petitioner's conviction was entered on July 27, 2021. [Id.]. On April 20, 2023, Petitioner's conviction was affirmed on appeal. United States v. Coleman, No. 21-4389, 2023 WL 3018421 (4th Cir. Apr. 20, 2023). Petitioner did not petition the Supreme Court for writ of certiorari. As such, for purposes of 28 U.S.C. § 2255(f), Petitioner's sentence became final on July 19, 2023, when his deadline to do so expired. See U.S. Sup. Ct. Rule 13(1);

United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires).

On August 19, 2024, the Clerk of this Court received Petitioner's petition in the mail and docketed it the next day. [Doc. 49-2; see 8/19/2024 Docket Entry]. Petitioner signed his petition and attested that he placed it in the prison mailing system on July 8, 2024. [Doc. 49-1 at 18; Doc. 49 at 13]. Plaintiff included his own Affidavit with his petition, which he also dated July 8, 2024. [See Doc. 49-1 at 6]. The Court, however, did not receive the petition until five weeks later. Moreover, a stamp on the back of the envelope used to transmit the petition indicates it was processed by Petitioner's facility on August 13, 2024, and the envelope is postmarked the same day. [See Doc. 49-2 (envelope)].

On initial screening of Petitioner's petition, the Court noted that if Petitioner did, in fact, place his petition in the prison mailing system on July 8, 2024, it was timely. If, however, Petitioner placed his petition in the prison mailing system after July 18, 2024, it was untimely. Given the significant difference between the date Petitioner claims to have deposited his petition for mailing and the date it was received by the Court, the Court ordered the parties to obtain, prepare, and/or submit information and testimony to allow the Court to determine whether Petitioner's petition was timely. [Doc. 51 at 2-3]. In this regard, the Court required the Government within 21 days from August 21, 2024 to obtain and submit documents, logs, affidavits, or other records demonstrating when Petitioner delivered his petition to prison authorities and when the petition was mailed by prison authorities to this Court and/or any other information to assist the Court in determining the timeliness of Petitioner's petition. [Id.]. The Court ordered Petitioner to respond within 21 days as follows:

> **The Court requires the Petitioner to submit an affidavit addressing the circumstances and timing of his submission of his**

> **petition in detail**. Petitioner should include any specific information of which he is aware that may have caused or otherwise explains the delay in the transmission and/or receipt of his petition. Petitioner is advised that an affidavit is a written statement under oath; that is, a statement prepared in writing and sworn to before a notary public. In the alternative, an unsworn statement, made and signed under penalty of perjury, may also be submitted.

[Id. (emphasis in original)].

The Government timely responded to the Court's Order, submitting the Declaration of Alisha Hall, a Bureau of Prisons (BOP) Case Management Coordinator (CMC) at USP-Lee, and the BOP Correspondence Policy and Mail Management Manual. [Docs. 52, 52-1 to 52-3].

As of September 24, 2024, Plaintiff had not responded to the Court's Order and the deadline to do so had expired. Based primarily on the representations of USP-Lee, Plaintiff's correctional facility, the Court concluded that Petitioner's motion to vacate was untimely and dismissed this action with prejudice. [Doc. 53]. On September 30, 2024, the Court received Petitioner's belated response to its Order requiring the parties to address timeliness, which was submitted in the form of an Affidavit. [Doc. 54].

Although Petitioner's response was untimely, the Court considers it here and, based on Petitioner's sworn testimony therein, finds that Petitioner's motion to vacate under 28 U.S.C. § 2255 was timely under § 2255(f). The Court, therefore, will vacate its Order dismissing this action. An Order addressing the merits of Petitioner's motion will issue in due course.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Court's Order at Docket No. 53 is hereby **VACATED** and Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 49] is **REINSTATED**.

The Clerk is respectfully instructed reopen this case.

**IT IS SO ORDERED.**

Signed: October 2, 2024

Kenneth D. Bell
United States District Judge